# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| María Yuridia CALLEJAS OLGUIN,<br><br>     Plaintiff,<br><br>v.<br><br>AUM PELHAM LLC and RAKESH PATEL,<br><br>     Defendants. | *JURY TRIAL DEMANDED*<br><br>Civil Action No.: |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### INTRODUCTION

Plaintiff, María Yuridia Callejas Olguin ("Plaintiff" or "Ms. Callejas Olguin") brings this action against her former employers, AUM Pelham LLC and Rakesh Patel (collectively, "Defendants"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA" or "Act"). Ms. Callejas Olguin worked hundreds of hours of overtime for Defendants as a laundry, kitchen, and housekeeping worker at the Fairfield Inn & Suites by Marriott hotel in Pelham, Alabama without receiving a single hour of overtime compensation pursuant to the Act. She seeks to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of suit by reason of Defendants' violations of the Act.

### JURISDICTION AND VENUE

1.     This action arises under the FLSA, 29 U.S.C. § 216(b), and thus is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff María Yuridia Callejas Olguin is an adult resident of the state of Alabama currently residing in Jefferson County. At all times relevant to this complaint, Ms. Callejas Olguin was an employee of Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1), and was engaged in interstate commerce or the production of goods for interstate commerce.

4. Defendant AUM Pelham LLC ("AUM Pelham") is an Alabama corporation with its principal place of business and registered agent located at 2098 Royal Fern Lane in Hoover, Alabama.[1] AUM Pelham LLC owns the Fairfield Inn & Suites by Marriott located at 230 Cahaba Valley Road in Pelham, Alabama ("Pelham Fairfield Inn & Suites") where Ms. Callejas Olguin was employed as a laundry, kitchen, cleaning, and housekeeping worker. At all times relevant to this complaint, AUM Pelham conducted business in the state of Alabama, and employed Ms. Callejas Olguin within the meaning of the Act, 29 U.S.C. § 203(d).

5. Defendant Rakesh Patel is a member and the registered agent of AUM Pelham. Defendant Rakesh Patel employed Ms. Callejas Olguin within the meaning of the Act, 29 U.S.C. § 203(d).

6. At all times relevant to this complaint, Defendants had employees engaged in commerce or the production of goods for commerce, as defined by §203(s)(1) of the FLSA. On information and belief, Defendant AUM Pelham had an annual gross volume of sales made or

---

[1] In some of its business filings, the address for Defendant AUM Pelham, as well as Defendant Rakesh, is listed as 2097 Royal Fern Lane.

business done not less than $500,000.00 throughout the time Ms. Callejas Olguin was employed by the company.

## FACTUAL ALLEGATIONS

7.      In late March or early April 2019, Defendants hired Ms. Callejas Olguin to work in the laundry at the Pelham Fairfield Inn & Suites. The hotel's general manager at the time, Lisa,[2] met with Ms. Callejas Olguin in person to complete the hiring process. Lisa was later fired from the general manager position and replaced by Jimmy Snider in or around late June or July 2019. Mr. Snider remained as general manager through the end of Ms. Callejas Olguin's employment.

8.      Defendants agreed to pay Ms. Callejas Olguin an hourly wage of ten dollars ($10.00) per hour for each hour of labor she performed at the hotel.

9.      Defendants paid Ms. Callejas Olguin and other employees by check on a biweekly basis. According to the payroll records provided to Ms. Callejas Olguin and other employees along with their paychecks, the workweek began on Saturday and ended on Friday. Employees received their paychecks every other Friday, one week after the end of the preceding two-week pay period.

10.     As the hotel's owner, Defendant Rakesh Patel was responsible for overseeing the overall operations of the Pelham Fairfield Inn & Suites and supervising managerial staff. He delegated most day-to-day supervision responsibilities to the hotel's managers, but regularly visited the hotel to check on its operations and was generally recognized by employees as the hotel's owner.

---

[2] Plaintiff does not know Lisa's last name.

11. The hotel's general manager was generally responsible for supervising, either directly or through other management-level staff, Ms. Callejas Olguin and other employees at the Pelham Fairfield Inn & Suites, including setting their hours and assigning them job responsibilities. The general manager was also responsible for tracking hours worked and making wage payments to Ms. Callejas Olguin and other employees, under the supervision of Defendant Rakesh Patel.

12. After Ms. Callejas Olguin's had been working for a few months in the laundry, Defendants shifted her job responsibilities, sending her to work in the hotel's kitchen preparing food, cleaning the lobby, and as a housekeeper cleaning rooms, either in addition to or in place of her laundry duties, depending on the hotel owners' and managers' needs on any given day.

13. When Mr. Snider assumed the role of general manager in or around late June or July of 2019, he began repeatedly subjecting Ms. Callejas Olguin to verbal abuse, yelling at her and speaking to her in a disrespectful and demeaning manner.

14. Without warning, Defendants lowered Ms. Callejas Olguin's wages to nine dollars and fifty cents ($9.50) in early July 2019 and then to nine dollars ($9.00) per hour in late July 2019.

15. Ms. Callejas Olguin regularly worked over fifty or sixty hours per week for Defendants, yet Defendants failed to compensate her at the required overtime rate for the hours she worked in excess of forty hours in each workweek. Instead, they only paid her at her regular rate of pay, regardless of how many hours she worked.

16. In or around August 8, 2019, Ms. Callejas Olguin complained to her direct supervisor about her reduced wages. The supervisor informed Ms. Callejas Olguin that she would discuss the matter with Defendant Rakesh Patel and Mr. Snider. On or around August 10,

2019, after Defendants failed to restore her to her previous rate of pay, Ms. Callejas Olguin quit her job. The repeated verbal abuse and mistreatment she was subjected to by Defendant Snider also contributed to her decision to leave her position at the hotel.

17. For every workweek[3] Ms. Callejas Olguin worked at the Pelham Fairfield Inn & Suites, Defendants failed to compensate her in accordance with the FLSA's required overtime rate. In total, Ms. Callejas Olguin worked over 250 hours of overtime while employed by the Defendants, without receiving a single hour of overtime pay.

## COUNT ONE:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations)

18. Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

19. Plaintiff brings this claim against Defendants for violation of the FLSA overtime provision, 29 U.S.C. § 207.

20. Defendants willfully failed to pay Plaintiff one and one-half times her hourly wage for every compensable hour of labor she performed over forty hours during each workweek, in violation of 29 U.S.C. § 216(a)(1).

21. As a result of these violations, Plaintiff suffered damages and may bring suit pursuant to 29 U.S.C. § 216(b).

22. Plaintiff is not subject to any exemptions from the FLSA's overtime provision.

---

[3] Because Ms. Callejas Olguin's time and payment records are broken down by biweekly pay period, it is possible that she may have worked under forty hours in one workweek and well over forty hours in the next week, resulting in one week with no overtime violation and a second week with a significant number of uncompensated overtime hours. It is unlikely that this is the case, given Ms. Callejas Olguin's regular weekly work schedule. Defendants have records in their possession that will reflect the number of hours she worked in each workweek.

23.     Defendants are jointly and severally liable to Plaintiff for these violations of their rights under the FLSA.

24.     Plaintiff is entitled to an award of damages for unpaid minimum wages, plus liquidated damages in an equal amount, as well as attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREORE, Plaintiff María Yuridia Callejas Olguin respectfully prays that this Court:

1.  Grant judgment in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's claims under the FLSA, and award Plaintiff monetary damages for unpaid overtime wage payments, plus liquidated damages in an equal amount;

2.  Award attorney's fees and costs;

3.  Grant such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims.

Dated: January 29, 2020          Respectfully submitted,

/s/ Jessica M. Vosburgh
Jessica Myers Vosburgh
Alabama State Bar No. 1710-A00Y
ADELANTE ALABAMA WORKER CENTER
2104 Chapel Hill Rd.
Birmingham, AL 35216
(205) 317-1481 (office)
(203) 415-8368 (cell)
jessica@adelantealabama.org

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| María Yuridia CALLEJAS OLGUIN,<br><br>  Plaintiffs,<br><br>v.<br><br>AUM PELHAM, LLC, et al.,<br><br>  Defendants. | Civil Action No.: |

**REQUEST FOR SERVICE BY CERTIFIED MAIL**

Please serve the Defendants:

AUM Pelham LLC                      Rakesh Patel
2098 Royal Fern Lane                2098 Royal Fern Lane
Hoover, AL 35244                    Hoover, AL 35244

by certified mail pursuant to Alabama Rule of Civil Procedure 4(i)(2) and Federal Rule of Civil Procedure 4(e)(1) & (h)(1).

Dated: January 29, 2020          /s/ Jessica M. Vosburgh
                                 Attorney for Plaintiffs